FLOR LIANA RUBIN, APPELLANT, V. ALLAN MAIER RUBIN,
APPELLEE.

434 N.W.2d 329

Filed January 20, 1989.   No. 87-295.

Robert William Chapin, Jr., of Mowbray, Chapin & Walker, P.C., for appellant.

Steven J. Lustgarten, of Lustgarten & Roberts, P.C., for appellee.

HASTINGS, C.J., GRANT, and FAHRNBRUCH, JJ., and HENDRIX and OLBERDING, D. JJ.

PER CURIAM.

Petitioner wife has appealed from the judgment of the district court for Douglas County. The decree of dissolution ordered a dissolution of the marriage of the parties, granted custody of the parties' three daughters to petitioner, gave specified visitation rights to respondent husband, divided the marital assets of the parties, and ordered the husband to pay a total of $1,200 per month as child support plus $1,750 per month as alimony for a period of 10 years. The alimony was terminable on the death or remarriage of the wife.

The wife in her appeal assigns as error the actions of the trial court in awarding insufficient child support and alimony; in making certain evidentiary rulings; and in failing to award to the wife, as a part of the division of property, "a monetary award based on appellee's education and license to practice medicine acquired during the marriage which constitutes marital property . . . ."

Determinations as to the amount of child support and alimony and as to the division of property in a dissolution action are matters initially entrusted to the discretion of the trial court, as are determinations as to the admission or exclusion of evidence. This court reviews dissolution cases de novo on the record, and may give weight to the fact that the trial court heard the witnesses and accepted one version of the facts rather than

another. *Ritz v. Ritz*, 229 Neb. 859, 429 N.W.2d 707 (1988).

The trial court's determination in these matters will ordinarily be affirmed in the absence of an abuse of discretion by the trial court. *Dabbs v. Dabbs, ante* p. 368, 431 N.W.2d 640 (1988); *Ritz v. Ritz, supra*.

After our de novo review of the record, we cannot say that the trial court abused its discretion in the determinations as to the division of property and the amount of child support and alimony, and the court's order in those regards is affirmed.

With regard to the contention that the trial court erred in failing to value the husband's education and medical license and award a portion of the monetary value of those items to the wife, we hold that the trial court did not abuse its discretion in failing to make the requested determinations. We are fully aware that the great majority of the states that have considered the matter have concluded that a professional license is not to be considered as marital property capable of being divided between two separating spouses. See, Annot., 4 A.L.R.4th 1294 (1981 & Supp. 1988).

The question need not be decided in this case, however, because the evidence presented did not provide any basis for such a determination. The wife's expert witness did not know the specialized medical qualifications of the husband and attempted to draw a parallel between business executives and physicians. The evidence did not establish any basis for the determination of the value of the husband's medical license. The court did consider the earnings of the husband in making the monetary awards. In so doing, the court did not err.

The judgment of the trial court is affirmed.

AFFIRMED.